**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

REID ASSOCIATES, INCORPORATED,
Petitioner,

v.

WALTER VAN NOSTRAND; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2600

On Petition for Review of an Order
of the Benefits Review Board.
(94-275)

Argued: October 30, 1997

Decided: November 21, 1997

Before MURNAGHAN, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Remanded by unpublished per curiam opinion. Judge Murnaghan
wrote a concurring opinion.

_____

**COUNSEL**

**ARGUED:** F. Nash Bilisoly, IV, VANDEVENTER, BLACK, MER-
EDITH & MARTIN, L.L.P., Norfolk, Virginia, for Petitioner. John
Harlow Klein, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia,
for Respondents. **ON BRIEF:** Kelly O. Stokes, VANDEVENTER,
BLACK, MEREDITH & MARTIN, L.L.P., Norfolk, Virginia, for
Petitioner. Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P.,
Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Reid Associates seeks judicial review of an order of the Benefits Review Board awarding Reid's former employee, respondent Walter R. Van Nostrand, with disability benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. Petitioner contends that Van Nostrand is not entitled to LHWCA benefits because he has not proven that his injury occurred upon a LHWCA-covered situs, that is, that it occurred "upon the navigable waters of the United States (including any adjoining pier, wharf, drydock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a). After the ALJ below determined that claimant's injury did occur upon a covered situs, we decided Sidwell v. Express Container Services, 71 F.3d 1134 (4th Cir. 1995), in which we addressed comprehensively the geographical reach of LHWCA coverage. Moreover, even under Sidwell, it is impossible to discern from the record as it is currently developed whether claimant's injury occurred on an"other adjoining area" within the meaning of the LHWCA. Accordingly, we remand this case to the agency to determine whether, in light of the intervening Sidwell decision, claimant's injury occurred upon a situs covered by the LHWCA.*

REMANDED
_____

*Reid Associates alternatively challenges the sufficiency of the evidence to support the decision awarding Van Nostrand benefits. Because we are remanding for further consideration in light of our interpretation of the "situs" requirement in Sidwell, we express no opinion as to the sufficiency of the evidence to support an award of benefits in this case.

2

MURNAGHAN, J., concurring:

I believe that the construction ditch carrying fuel and steam pipes to be loaded onto Navy ships, 300 yards from the pier under construction, was effectively part of the pier under construction, and therefore was a covered situs under the LHWCA. However, it is likely that on remand the ALJ will find that the part of the ditch in which Van Nostrand was injured and the pier under construction together amounted to one construction ditch. Applying the Sidwell analysis the ALJ will likely conclude that the injury took place in an area adjoining navigable waters.

I, therefore, find a dissent useless and accordingly concur.

3